IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50053
No. 96-50147
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM RIVAS,

Defendant-Appellant.

---------------------------

ABRAHAM RIVAS,

Petitioner-Appellant,

versus

WACKENHUT PAROLE VIOLATOR FACILITY;
U.S. MARSHAL SERVICE, Western District
of Texas,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CR-170-1 cons. w/
No. SA-96-CV-2
- - - - - - - - - -
September 11, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Abraham Rivas appeals his

conviction and sentence for possession of marijuana with intent

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to distribute and conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (No. 96-50053), and the denial of his 28 U.S.C. § 2241 habeas corpus petition attacking the same conviction and sentence (No. 96-50147).

Rivas has not shown "plain error" as to his contention that the district court's jury instruction on the conspiracy count "constructively amended" the indictment.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995); United States v. Devoll, 39 F.3d 575, 579 (5th Cir. 1994), cert. denied, 115 S. Ct. 1701 (1995). Rivas' claim that the enhancement of his sentence was based on a state conviction that was imposed in violation of the Double Jeopardy Clause is meritless.  See United States v. Ursery, 116 S. Ct. 2135, 2147-49 (1996).

Assuming that Rivas properly raised his double-jeopardy claim in a § 2241 petition, such claim is meritless under the "dual sovereign" rule.  See United States v. Moore, 958 F.2d 646, 650 (5th Cir. 1992); see Department of Revenue of Mont. v. Kurth Ranch, 114 S. Ct. 1937, 1947 n.22 (1994).

AFFIRMED.